**In re Richard B. JOHNSON, Bar No. 1772.**

**No. 900125.**

Supreme Court of Utah.

March 26, 1992.

Richard B. Johnson, pro se.

Stephen A. Trost, Salt Lake City, for the Bar.

PER CURIAM:

The initial complaint in this disciplinary action was filed with the Utah State Bar against Richard B. Johnson in 1987 by his client, Garth Youd. Johnson admitted the material allegations of that complaint and on June 16, 1989, consented to discipline which included a one-year probation during which Johnson would provide monthly status reports to clients in all open and active cases and would timely return clients' phone calls and respond to their requests for status reports. Johnson agreed to provide certain reports to the office of Bar Counsel. These reports were to include, on a monthly basis, Johnson's affidavit that he had complied with the requirement of sending monthly status reports to his clients. Johnson agreed to meet on a bi-monthly basis with a supervising attorney who would review the status letters sent out to clients, verify with Johnson's secretary that phone calls, both to other counsel and to clients, were being promptly returned, and file his own affidavit with the Bar verifying Johnson's compliance with these procedures. Johnson also agreed not to violate any rules of conduct during the probation period. In turn, the Bar agreed to recommend a stay of a proposed six-month suspension from the practice of law. This consensual discipline was incorporated in an order of this court effective July 25, 1989.

On January 23, 1990, Ralph Adams, staff attorney in the office of Bar Counsel, filed his affidavit averring that since the middle of October 1989, the office of Bar Counsel had received six new complaints against Johnson, each containing allegations that Johnson had failed to return phone calls to clients and that he had failed to appear at scheduled court dates. In addition, the Bar asserted that Johnson had violated the terms of his probation by failing to send monthly reports to the Bar and by failing to cooperate with the attorney assigned to

supervise him. The Board of Bar Commissioners thereupon ordered Johnson to appear before a disciplinary panel and show cause why his probation should not be revoked and why the six-month suspension of the practice of law should not be reimposed. Johnson did not appear at the hearing, though he was served.

The disciplinary panel sat on February 7, 1990, heard evidence from each of Johnson's complaining clients and on February 9, 1990, issued its order on order to show cause, recommending reimposition of suspension from the practice of law for a period of six months. After review, the Board of Commissioners affirmed the order and petitioned for an order of discipline from this court. On March 29, 1990, this court issued its order suspending Johnson from the practice of law for a period of six months and ordering that reinstatement would not occur until costs of prosecuting the discipline action in the amount of $58.32 were paid to the Bar.

During the six-month suspension period, further complaints were received by the Bar. Johnson's clients alleged that Johnson was continuing to practice law, meet with clients, and draw papers and pleadings. Clients were told that an associate of Johnson's would be the "front man" since Johnson was having some trouble with the Bar. The Bar immediately moved for disbarment, and this court remanded the case with instructions to make findings concerning the allegations.

Those findings have now been filed, together with affidavits of the complaining clients which support the allegations. The facts as found by the Bar panel include that after he received notice of his suspension, Johnson accepted new clients, negotiated retainer fees, provided legal advice to both new and existing clients, held himself out to the public as one authorized to practice law, received compensation from his law firm, and represented to new clients that although it was necessary for another lawyer of the firm to be his "mouth piece," he would be the principal attorney and would continue to do all the legal work.

This court afforded Johnson yet another hearing to explain his activities. He appeared on his own behalf. He offered as his only defense that the Procedures of Discipline of the Utah State Bar, as promulgated by this court, do not sufficiently outline the duties of an attorney who is suspended for a period of less than six months, implying that he was unable to comply with the order because he did not understand what he was required to do. He contended that rule XVIII deals with the appropriate steps to be taken when a suspension of six months or longer is imposed, but, he argued, the rule explicitly states that an attorney who is suspended for a period of *less* than six months is not required to notify all clients and co-counsel, deliver papers and files to the client, refund fees, and file certificates of compliance. He maintained that the rule is devoid of any affirmative mandate to the attorney who is suspended for six months or less.

To the contrary, after outlining in subsection (a) the duties of an attorney in *every* case of a suspension of a period of six months or more, rule XVIII provides in subsection (c):

> In cases in which an attorney is suspended by the Supreme Court for 6 months or less, the Supreme Court may impose conditions similar to those set out in Paragraph (a) herein.

Johnson's duties during his probation and during his suspension and the conditions under which he might seek reinstatement as a member of the Bar were clearly outlined in the orders of this court and in the Bar's order on order to show cause which was incorporated in this court's order. In addition, we are not persuaded that Johnson was unable to comply with our order because he did not understand what constitutes the "practice of law." The affidavits signed by his clients and filed with this court clearly show that during his suspension, Johnson continued to practice law in flagrant disregard of this court's order of suspension dated March 29, 1990. In the interest of protection of the public and the legal profession, this

court must therefore order Johnson's disbarment.

So ordered.